UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID WAYNE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.  3:05-CV-749 AS |
| v. ) | |
| ) | |
| JOHN R. VanNATTA, *et al.* ) | |
| ) | |
| Defendants. ) | |

### *OPINION AND ORDER*

David Wayne Johnson, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Martin alleges that he has been denied medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must

2

> have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

Mr. Johnson alleges that his prescription medication was cancelled without an individual medical evaluation, that prescribed medications were not filled, that despite his requests he has not been scheduled to see a physician, and that he has been denied a prescribed back brace. Mr. Johnson alleges that as a result he has suffered severe withdrawals and side effects and that he is in pain. Giving Mr. Johnson the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, these allegations state a claim.

Mr. Johnson names both medical and non-medical defendants.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Here, medical personnel were under contract and were responsible for his care. He names two companies who were under contract to provide medical care (one before and one after the transition), two medical directors (one at the prison and one in Indianapolis), and two physicians at the prison. Though he also names the Superintendent and the Commissioner, these non-medical officials are not liable where, as here, medical experts and medical administrators were responsible for providing medical care.

Additionally, Mr. Johnson alleges that his grievances were not processed properly. The Constitution does not require that a prison provide a formal grievance procedure nor adhere to their own policies if they establish one. "A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir., 1999). "[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but

4

it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2nd 674, 679 (N.D. Ind. 2003). Furthermore, the violation of prison policy does not state a claim under § 1983. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Therefore these claims will also be dismissed.

Finally, Mr. Johnson filed a motion for discovery. Discovery in a *pro se* case must be filed with the court (*see* N.D. IND. L.R. 26.2(e)), but it does not require a motion. Furthermore, discovery should not be initiated before the defendants have been served with the complaint and entered an appearance in this litigation. Therefore the motion will be denied. Mr. Johnson may proceed with discovery after the court has established a scheduling order.

For the foregoing reasons, the court:

(1) **GRANTS** David Wayne Johnson leave to proceed against Gerald Meyers, Peggy Synowiec, Elton Amos, Correctional Medical Services, Prison Health Services, and Charles Okoro in their individual capacities for monetary damages and in their official capacities for injunctive relief for violations of the Eighth Amendment for the denial of medical treatment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** John R. VanNatta and J. David Donahue;

(4) **DENIES** the motion for discovery (docket # 7);

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Gerald Meyers, Peggy Synowiec, Elton Amos, Correctional Medical Services, Prison Health

Services, and Charles Okoro to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Gerald Meyers, Peggy Synowiec, Elton Amos, Correctional Medical Services, Prison Health Services, and Charles Okoro; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Gerald Meyers, Peggy Synowiec, Elton Amos, Correctional Medical Services, Prison Health Services, and Charles Okoro respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**IT IS SO ORDERED.**

**ENTERED: February  15 , 2006**

                                            s/Allen Sharp
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**